Curia, per Frost, J.
In Summers vs. Caldwell, 2 N. and McC. 341, it was held, that the plaintiff has an interest in money collected by the sheriff under his execution, of which the court can take notice, and order it to be paid over to an execution against him. But such order is matter of discretion. The rights of third persons will be always respected, when any such claim shall be interposed. If it appears that anjr other person has a legal, or even an equitable, claim to the money, the court ought not to interfere in this way. Means vs. Vance, 1 Bail. 41.
In this case the execution against Sally Reid, to which the defendant applied the money levied under execution at her suit, was suspended by an appeal. No levy could have been made under it, nor was the sheriff authorized, at the time he did, to apply the money of Sally Reid towards satisfaction of it. When the plaintiff demanded payment of the money in satisfaction of the execution of Sally Reid under which it had been made, the defendant was liable to the demand. The execution had then been assigned; and the right to receive satisfaction from the sheriff was vested in the assignee. That right could not be divested by the subsequent dismissal of the appeal. The general rule is, that the assignee shall be protected against any dealing between the debtor and assignor after notice to the former, or any set-off acquired after such notice.
The motion is dismissed.
Richardson, O’Neall, Evans and Butler, JJ. concurred.
Wardlaw, J.
I assent to the result, but reserve my opinion upon the question whether money in the sheriff’s hands is subject to the lien of an execution. It has been decided, that under certain circumstances it may be seized or appropriated by the sheriff.